IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01503-MEH

DWIGHT D. YORK,

    Plaintiff,

v.

THE FEDERAL BUREAU OF PRISONS,
ANDREW MATEVOUSIAN, in his individual and official capacities,
J. FOX, in his individual and official capacities,
KERRI LEWIS-HICKS, in her individual and official capacities,
A. TUTTOILMONDO, in his official capacity,
C. SYNSVOLL, in his official capacity, and
M. SANTISTEVAN, in his individual and official capacities,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Defendants' have filed their Motion for Summary Judgment for Failure to Exhaust. ECF 37. The Motion is fully briefed, and the Court finds that oral argument would not materially assist in its adjudication. For the following reasons, the Motion is granted.

## BACKGROUND

**A.    Nature of Case**

    Plaintiff alleges that his name is Malachi Z. York, and Dwight D. York is a misnomer. He states that he is a diplomat from the Republic of Liberia. In this lawsuit he seeks to prohibit Defendants "from reading the contents of Plaintiff's 'special legal mail,' or otherwise obstructing him from communicating – telephonically and in person – with his attorneys." Compl., ECF 1 ¶ 3.

He also seeks to prevent Defendants from "blocking family visitation, correspondence, and telephone privileges for prolonged periods of time without cause." *Id.* ¶ 4.

**B.      Claims for Relief**

Plaintiff's causes of action include: (1) Sixth Amendment denial of his right to counsel; (2) Fifth Amendment denial of his due process rights; (3) First Amendment denial of his free exercise of religion; (4) First Amendment denial of his right of association; (5) First Amendment retaliation; and (6) Eighth Amendment violation of his right to be free from cruel and unusual punishment. He asserts jurisdiction under the Religious Freedom Restoration Act (RFRA); however, none of his six enumerated claims addresses the RFRA. Therefore, the Court construes his allegations as falling under *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971), which Plaintiff also cites.

## MATERIAL UNDISPUTED FACTS

Although Plaintiff asserts some of the following facts are controverted, for the most part he does not provide a proper basis (such as citing to contrary evidence), and his responses are merely conclusory. Indeed, he asserts a "standing denial" of all facts in the Declaration of P. Trujilla, ECF 37-1 (Trujillo Decl., ECF 37-1), which contains many of the facts alleged below. A "standing denial" without a factual basis is a violation of Fed. R. Civ. P 56(e) and is meaningless. Under that rule, absent a properly supported denial of the facts submitted by Defendants, I may "consider the fact[s] undisputed for purposes of the motion," Fed. R. Civ. P. 56(e)(1), which I do.

**A.      Plaintiff's Background**

1.      Plaintiff is incarcerated at the United States Penitentiary, Administrative Maximum facility in Florence, Colorado ("ADX") following his convictions for numerous offenses involving transporting minors in interstate commerce for unlawful sexual activity in violation of 18 U.S.C.

§§ 371 and 2423. *United States v. York*, 428 F.3d 1325, 1328-29 (11th Cir. 2005) (observing that Plaintiff used his control over the group to perpetrate many sexual assaults on children, some of whom were as young as six years old); Trujillo Decl. ¶ 8. Plaintiff is serving a sentence of 1,620 months, or 135 years. *York*, 428 F.3d at 1329.

**B.     Exhaustion Provisions**

2.     The Bureau of Prisons ("BOP") has a four-tiered administrative remedy program for inmate grievances. Ex. 1 ¶ 3; see also 28 C.F.R. §§ 542.10-542.19.

3.     In Step 1, the inmate must attempt informal resolution of his complaint with the appropriate BOP staff member by filing an Informal Resolution Form ("BP-8"). Trujillo Decl. ¶ 3; 28 C.F.R. § 542.13(a).

4.     If no resolution is achieved, the inmate must file an Administrative Remedy Request ("BP-9") within 20 calendar days of the event giving rise to the grievance. Trujillo Decl. 1 ¶ 3; 28 C.F.R. § 542.14(a).

5.     If the inmate is not satisfied with the outcome at Step 2, he must file an appeal ("BP-10") to the Regional Director within 20 days. Trujillo Decl. ¶ 3; 28 C.F.R. § 542.15(a).

6.     If the Step 3 appeal is unsuccessful from the inmate's perspective, he must file an appeal ("BP-11") to the General Counsel in BOP's Central Office within 30 days. Trujillo Decl. 3; 28 C.F.R. § 542.15(a).

7.     The General Counsel has 40 days to respond to the BP-11 appeal and may extend the response time by 20 days. 28 C.F.R. § 542.18.

8.     Any appeal is limited to the issues raised in his "lower level filings," which the Court interprets as meaning the BP-9 Administrative Remedy Request. Trujillo Decl. ¶ 3; 28 C.F.R. § 542.15(b)(2).

9. A remedy request or appeal may be rejected at any level. Trujillo Decl. ¶ 4; 28 C.F.R. § 542.15(b)(2).

10. A remedy is not exhausted until an inmate has properly and timely sought review at the institutional, Regional, and Central Office levels of the administrative remedy process. Trujillo Decl. ¶ 5.

11. Since Plaintiff has been in BOP custody, he has filed thirty-seven administrative remedies and appeals of those remedies. *Id.* ¶ 9.

12. Plaintiff raises First and Fifth Amendment claims based on purported restrictions on his communications with "immediate and known family members;" his practice of Sabeanism, which he claims to be a religion; and alleged retaliation by BOP officials. Compl. ¶¶ 205-25. In his response, Plaintiff includes in this list of contacts "clergy and attorneys of his choice." Resp. ¶ 12.

**C.    Claims 2 and 4 Regarding Familial Association**

13. Plaintiff claims the Defendants have barred him from "communicating and visiting with immediate and known family members." Compl. ¶¶ 207, 219. Plaintiff contends that he complains of "prolonged family restrictions [and] being continuously restricted and isolated from family."

14. The BOP permits Plaintiff to request social visits and telephone calls with any person he chooses. Trujillo Decl. ¶ 12 & Att. 3 (12/2/2021 Amendment of Communications Restrictions). Plaintiff alleges this "permission" is subject to an administrative process.

15. Plaintiff has not filed any administrative remedies or appeals challenging the 12/2/2021 Amendment. *Id.* ¶ 13.

4

16. Plaintiff has not filed any remedies demanding communications with persons he may deem to be members of an "immediate and known family" group. *Id*. ¶¶ 14-15.

17. Plaintiff began, but did not complete, the administrative remedy process for three remedies that may possibly be construed as related to rules governing his communications with family members: remedy number 627817, remedy number 992813, and remedy number 1017841. *Id.* ¶¶ 16-25.

18. Plaintiff did not properly complete all levels of the administrative remedy process for remedy number 627817, which is described in his Administrative Remedy Index as a "challenge [to] mail restrictions." *Id.* ¶ 17.

19. Plaintiff did not properly complete all levels of the administrative remedy process for remedy number 992813, in which he complained about correspondence with his family, among other matters. *Id.* ¶¶ 18-21.

20. Plaintiff did not properly complete all levels of the administrative remedy process for remedy number 1017841, in which he complained about "restrictions on . . . family[.]" *Id*. ¶¶ 22-25. In his response, Plaintiff alleges he submitted a BP-11. The record shows that the BOP's response to this form consisted of writing in the initials "QUA" and "RSA." Declarant P. Trujillo states that the "codes means [sic] that Plaintiff was informed that he did not submit a complete set of copies with the form (the 'QUA' rejection code) and that he was allowed to resubmit his appeal in proper form within 15 days of the date of the rejection notice (the 'RSA' code)." *Id.* ¶ 24. Plaintiff does not allege he did not receive this rejection, but he states the BOP "did not provide the written notice explaining the reason for the rejection," not did it "provide Plaintiff with written notice of the rejection." Resp. ¶ 17.

21. Plaintiff exhausted one remedy, remedy number 842356, that challenged communications rules to which he was subjected to in 2015, but there are no records indicating that Plaintiff exhausted a request to communicate with all members of his "immediate and known" family. Trujillo Decl. ¶ 15.

22. BOP personnel could not independently identify all members of Plaintiff's family, including his biological children, who may be "known" to him. *See* https://www.justice.gov/archive/criminal/ceos/pressreleases/downloads/MDGA%20York%20convict%20PR_012304.pdf (observing that Plaintiff sexually abused "countless minor aged children within his organization").

### D.  Claims 2 and 3 Regarding Religious Exercise

23. Plaintiff complains about three decisions concerning his religious privileges at the ADX: (1) the alleged refusal of "pastoral visits," Compl. ¶ 60; (2) the alleged confiscation of religious materials by Defendant Lewis-Hicks, *id*. ¶¶ 88, 132, 142; and (3) the alleged refusal by BOP to recognize Sabeanism as a religion and Plaintiff's alleged "right to congregate with other Sabeans," *id*. ¶¶ 135, 207, 212.

24. Plaintiff has submitted two remedies that concern religious privileges: remedy number 992813 and remedy number 1017841. Trujillo Decl. ¶¶ 27-29.

25. In remedy number 992813, Plaintiff complained that unnamed BOP officials took his "religious Scriptures, Holy tablets, books, pamplets [sic], photos and prayers in my religious language—Sabaeic as Sabean," and that his correspondence with an unnamed "pastor" was restricted. *Id*. ¶ 28.

26. Plaintiff did not properly complete all levels of the administrative remedy process for remedy number 992813. *Id*. ¶¶ 18-21, 28; *see also* Material Undisputed Fact 19, *supra*.

27. In remedy number 1017841, Plaintiff complained about alleged restrictions on his contacts with "religious clergy." Trujillo Decl. ¶ 29.

28. Plaintiff did not properly complete all levels of the administrative remedy process for remedy number 1017841. *Id*. ¶¶ 22-25, 29; *see also* Material Undisputed Fact 20, *supra*.

29. Neither remedy number 992813 nor remedy number 1017841 mentioned Plaintiff's alleged right to congregate with other Sabeans, but Plaintiff did not properly complete the exhaustion process for these remedies in any event. Trujillo Decl. ¶¶ 27-29.

E.    **Claim 5 Regarding Retaliation**

30. Plaintiff contends that he was retaliated against (1) when BOP officials allegedly issued discipline against him for submitting administrative remedies, for being a practitioner of Sabeanism, for winning disciplinary hearings, and for "seeking access to his attorneys," *see* Compl. ¶ 47; (2) when BOP officials allegedly prevented him from entering the ADX Step-Down Program, *id.* ¶ 98; and (3) when former ADX Warden Matevousian rejected two books and one incoming letter, *id*. ¶¶ 162, 166, 169, 170, 172.

31. These allegations of retaliatory conduct are not exhausted. Trujillo Decl. ¶¶ 43-47.

32. Plaintiff has submitted no remedies or appeals alleging retaliation by BOP staff. *Id.* ¶ 43. At the conclusion of his BP-8 for remedy 992813, Plaintiff stated in conclusion, and in conclusory fashion, "And Retaliation For Questing [sic] or Filing on these Violations." ECF 37-1. I cannot find this afterthought to constitute exhaustion of a retaliation claim.

33. Plaintiff has exhausted no remedies concerning religious exercise. Material Undisputed Facts 24-29, *supra*.

34. Plaintiff has exhausted no remedies concerning access to attorneys, including Ms. Broussard. Material Undisputed Facts 39-46, *infra*.

35. Plaintiff has submitted no remedies or appeals regarding his placement in the ADX Step-Down Program. Trujillo Decl. ¶ 46.

36. Plaintiff has submitted no remedies concerning the rejection of any books or letters by former Warden Matevousian. *Id*. ¶ 47.

**F.  Claim 1 Regarding Communications with Counsel**

37. Plaintiff alleges that rules concerning his communications with attorney Victoria Broussard, his counsel in this case and co-counsel in a prior case, violate his Sixth Amendment rights. *See* Compl. ¶¶ 195-204; *see also York v. Fed. Bureau of Prisons*, No. 16-cv-01754-KMT, 2018 WL 1427211 (D. Colo. Mar. 22, 2018) (granting summary judgment to BOP on Plaintiff's Eighth Amendment deliberate-indifference-to-medical-needs claim, and listing Broussard and Charles T. Tucker as his attorneys).

38. Ms. Broussard is one of at least four attorneys who can communicate confidentially with Plaintiff. Trujillo Decl. ¶ 31.

39. Since October 2021, Ms. Broussard has been permitted to exchange unmonitored legal mail with Plaintiff. *Id*. Plaintiff has filed no remedies challenging this decision. *Id*.

40. Plaintiff referenced communications with an attorney in three remedies, none of which are exhausted: remedy 992813, remedy 1017841, and remedy 934497. *Id*. ¶¶ 32-38.

41. In Remedy 992813, Plaintiff complained about "restriction of attorney of my choice" and "obstructing legal rights of attorney-client privilege." *Id*. ¶ 33.

42. Plaintiff did not properly complete all levels of the administrative remedy process for remedy number 992813. *Id*. ¶¶ 18-21, 33; *see also* Material Undisputed Fact 19, *supra*.

43. In remedy number 1017841, Plaintiff referenced Ms. Broussard and complained about "extended restrictions on attornies [sic]." Trujillo Decl. ¶ 34.

44. Plaintiff did not properly complete all levels of the administrative remedy process for remedy number 1017841. *Id*. ¶¶ 22-25, 34; *see also* Material Undisputed Fact 20, *supra*.

45. In remedy number 934497, Plaintiff accused Defendant Lewis-Hicks of mishandling Plaintiff's incoming legal mail. Trujillo Decl. ¶ 35.

46. Plaintiff did not properly complete all levels of the administrative remedy process for remedy number 934497. *Id*. ¶¶ 36-38.

**G.     Claim 6 Eighth Amendment Violation**

47. Plaintiff contends that his conditions at ADX, "as a whole," result in "a denial of basic life necessities," amounting to cruel and unusual punishment. Compl. ¶ 228.

48. Plaintiff has never exhausted allegations about ADX conditions of confinement, including, but not limited to, any complaints about the number of hours per day he is confined to his cell, the recreation opportunities available to him, the manner in which ADX inmates are moved outside their cells, or any complaints about his alleged "solitary confinement" generally. Trujillo Decl. ¶ 41.

**H.     Miscellaneous Allegations**

49. Plaintiff raises allegations concerning: (1) the decision to place him in K/B Unit, rather than the ADX Step-Down Program, *see* Compl. ¶¶ 150-52; (2) the decision not to designate him to a sex offender management program, *id*. ¶ 45; (3) the issuance of disciplinary incident reports to him in 2017 and 2018, *id*. ¶¶ 80-84, 95-98, 117-20; (4) the alleged failure to review his "security classification," *id*. ¶ 149; and (5) complaints about the management of funds in his inmate trust fund account, *id*. ¶¶ 190-94.

50. There are no administrative remedies or appeals related to any of these allegations. Trujillo Decl. ¶ 49.

## LEGAL STANDARDS

**A.      Summary Judgment**

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). A court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the moving party has the burden of proof—the plaintiff on a claim for relief or the defendant on an affirmative defense—his[, her, or its] showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015) (quoting *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986)). "In other words, the evidence in the movant's favor must be so powerful that no reasonable jury would be free to disbelieve it. Anything less should result in denial of summary judgment." *Id*. at 1154 (quoting 11 Moore's Federal Practice, § 56.40[1][c] (Matthew Bender 3d Ed. 2015)). Only evidence for which the content and substance are admissible may be considered when ruling on a motion for summary judgment. *Johnson v. Weld Cty., Colo.*, 594 F.3d 1202, 1210 (10th Cir. 2010).

If the movant properly supports a motion for summary judgment, the non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex,* 477 U.S. at 322. That is, the opposing party may not rest on the allegations contained in his complaint but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v.*

*Harris*, 550 U.S. 372, 380 (2007) ("The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."); *see also Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting Celotex, 477 U.S. at 324*); see Mountain Highlands, LLC v. Hendricks*, 616 F.3d 1167, 1170 (10th Cir. 2010) ("On those issues for which it bears the burden of proof at trial, the nonmovant "must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [its] case in order to survive summary judgment.") (quoting *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007)). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc*., 431 F.3d 1241, 1255 (10th Cir. 2005).

**B.      Exhaustion**

An inmate's grievance process starts with filing an informal resolution form (BP-8). If that does not resolve the issue, the inmate must file an administrative remedy request (BP-9). If that is denied, he must file an appeal (BP-10) to the regional office. If that is likewise denied, he must file his last appeal to the central office of the BOP, a BP-11. This four-step process has been addressed and approved by the Tenth Circuit numerous times. "An inmate has not exhausted his administrative remedies until completing each of these steps." *Eldridge v. Berkebile*, 576 F. App'x 746, 747 (10th Cir. 2014). In the normal course, failure to adhere to all four steps merits dismissal of a claim. *Patel v. United States*, 399 F. App'x 355, 360 (10th Cir. 2010). The Supreme Court has

11

held that proper exhaustion means complying not only with an agency's deadlines, but also its procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

## ANALYSIS

Defendants have alleged through competent evidence (*i.e.*, evidence permitted by Fed. R. Civ. P. 56(c)) that Plaintiff has not fully exhausted any of the claims in his Complaint. Plaintiff's response to this evidence is that he did exhaust remedy 1017841. The Trujillo Declaration states that Plaintiff's BP-11 for remedy 1017841 was rejected on procedural grounds, and he was given the opportunity to resubmit it. Plaintiff alleges he was not given "written notice explaining the reason for the rejection" and that he does not "possess such document." However, Plaintiff himself submitted to the Court the BOP's rejection. Ex. A to Plaintiff's Resp., ECF 37-1 at 2. Plaintiff makes no allegation that he did not understand the denial codes "QUA" and "RSA," which the BOP states informed the Plaintiff he did not submit a complete set of copies with his BP-11, and that he may resubmit it.

Thus, Defendant argues that although Plaintiff may have filed an initial BP-11, his omission in not refiling after being given an opportunity to do so constitutes a lack of proper exhaustion. *E.g., Jackson v. Davis*, No. 09-cv-01532-ZLW, 2009 WL 3122892, at *1–2 (D. Colo. Sept. 24, 2009) (finding failure to exhaust when the plaintiff "failed to complete the administrative remedy process by failing to resubmit his BP-11 appeal with the proper documentation"); *see also Turner v. Wilner*, No. 08-cv-01454-ZLW, 2008 WL 4610262, at *2 (D. Colo. Oct. 16, 2008) (finding that plaintiff failed to properly exhaust because the "administrative remedy request was rejected on procedural grounds and [he] did not refile a proper administrative remedy request despite being given an opportunity to do so").

BOP regulations state that a request for relief may be rejected for failing to meet procedural requirements such as form, length, and timeliness. *See* 28 C.F.R. § 542.17. If rejected, the inmate must either correct the defect and resubmit the request or appeal the rejection itself. Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), "the . . . exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. This "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id*. at 90. A prisoner may not satisfy the exhaustion requirement by filing "an untimely or otherwise procedurally defective administrative grievance or appeal." *Id*. at 83. Plaintiff filed only one BP-11, and the record establishes it was denied for procedural reasons and that Plaintiff did not attempt to remedy the deficiencies. Therefore, there are no genuine disputes of material facts that Plaintiff failed to properly exhaust his administrative remedies.

"[T]he failure to exhaust is an affirmative defense and . . . the burden of proof is on the defendants." *Burnett v. Miller*, 738 F. App'x 951, 953 (10th Cir. 2018). Defendants have met their initial burden to prove Plaintiff did not complete the BOP administrative process in fully exhausting his administrative remedies. This shifts the burden to Plaintiff to provide evidence that administrative remedies were effectively unavailable to him. Plaintiff does not allege any misunderstanding based on the codes used by the BOP, nor will I infer one. He does allege a failure to notify him of the rejection, but he does not establish that allegation with any evidence.

Finally, the parties admit that Plaintiff exhausted remedy 842356 in 2016 challenging communications rules to which he was subjected in 2015 (an entry in the BOP's computer system describes it as "challenge phone, mail & visit restrictions"), but there are no records indicating that in it, Plaintiff exhausted any request to communicate with all members of his "immediate and

13

known" family. In fact, that remedy is so old, the BOP's SENTRY system has purged it. Thus, this one exhausted remedy does not save the claims at issue in this case.[1]

## CONCLUSION

Applying established case law concerning exhaustion of administrative remedies and the standard for determining material undisputed facts for purposes of summary judgment, I can come to no other conclusion than that no claims in the lawsuit are administratively exhausted. Therefore, Defendants' Motion for Summary Judgment [filed May 3, 2022; ECF 37] is **granted.** Summary judgment is entered in favor of Defendants on all claims. In light of this, the pending motion to dismiss [filed January 27, 2022; ECF 25] is **denied as moot**. The Court directs the Clerk of Court to close this case.

Entered at Denver, Colorado, this 18th day of July, 2022.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

---

[1] In any event, the Tenth Circuit has held that state law governs limitations issues in a *Bivens* case. *Roberts v. Barreras*, 484 F.3d 1236, 1240 (10th Cir. 2007). In Colorado, this means a two-year limitations period. *Braxton v. Zavaras*, 614 F.3d 1156, 1160 (10th Cir. 2010) (Section 1983 lawsuit, with PLRA exhaustion requirement). This action was filed well beyond any two-year limitations period, which would have begun, at the latest, upon the BOP's final denial in October 2016. Moreover, nothing in the record indicates Plaintiff diligently pursued his claim after the 2016 final denial, which precludes him from alleging any tolling of the limitations period. *Id.* at 1162. Thus, even if administratively exhausted, any claim preserved by remedy 842356 probably should be dismissed.