IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Maku: Black Thunderbird Eagle, §<br>ex rel. DWIGHT D. YORK 17911-054 §<br>Liberia Consul General Post No. 003828-04 §<br><div align=right>Claimant,</div> § | In Pro Per: HEAD OF STATE<br><br>U.S. Constitution, Art.III, Clause 2<br>PRAY FOR 3RD PARTY JOINER<br>OF INTERVENTION OF RIGHT |
| §<br>Vs. §<br>§ | Civil No. 1:21-CV-01503 |
| §<br>**THE FEDERAL BUREAU OF PRISONS,** §<br>**ANDREW MATEVOUSIAN, in his** §<br>**Individual and Official Capacity; J. FOX, in** §<br>**his Individual and Official Capacity;** §<br>**KERRI LEWIS-HICKS, in her Individual** §<br>**and Official Capacity; A.** §<br>**TUTTOILMONDO, in his Official Capacity;** §<br>**C. SYNSVOLL, in  Official Capacity and;** §<br>**M. SANTISTEVAN, in his Individual and** §<br>**Official Capacity, Collectively** §<br>§<br><div align=right>**Respondent.**</div> §<br>§ | U.N.D.R.I.P./A.D.R.I.P. Treaty, H.R. 894,<br>Yamassee Creek Nation Redemption Council<br>Plebiscite, U.S. Constitution, H.J.R. 192 & 194,<br>8 U.S.C. 1401(b), and 28 USC 2201<br><br>**FILED**<br>UNITED STATES DISTRICT COURT<br>DENVER, COLORADO<br><br>**AUG 31 2022**<br><br>JEFFREY P. COLWELL<br>CLERK |

## PRAY FOR INTERVENTION OF RIGHT PURSUANT TO RULE 24(a)
## AND NOTICE OF 3RD PARTY JOINDER IN ACCORD WITH RULE 18

Presented By:
YAMASSEE CREEK NATION JUSTICE DEPARTMENT
c/o: Nanya: Sa'ud-El: Atta Bey, Vizier
      3343 PeachTree Road N.E. Ste 145
      Atlanta Ga. 30326
833-9YAMASE ext. 1, www.yamasseecreeknationgov.online

Vizier Office:

Chief Justice Nasat: Duamutef En Aatun, Caddo territory

Chief Justice Nysut: Amun Re, Cahokia territory

AFFIDAVIT OF TRUTH

Page 1

1.      This Pray presented by the Yamassee Creek Nation Justice Department of the Yamassee People Redemption Council Tribal Government, for the return of the Tribal Property and Head of State for the YAMASSEE CREEK NATION; who is being held under the false security and F.T.C violation as, DWIGHT D YORK 179111-054, without proper jurisdiction. Pursuant to Rule 24(a), Intervention of Right for the The Tribal Council Claims to be heard and in accord with Rule 18(a), the Tribal Government may join, as independent or alternative claims, as many claims as it has against an opposing party.

2.      The Head of State and Principle Chief, Malachi Z. York, has been denationalized, renamed DWIGHT D. YORK 17911-054, and held under color of law and color of authority, as an involuntary surety; in violation of Security and Exchange Commission rules, and FEDERAL TRADE COMMISSION violations.  Principle Chief Malachi Z. York, Tribal Title: Maku Black Thunderbird Eagle, is a Liberian Consul General, Diplomatic No. 003828-04, an Ambassador with assignment still current; and was in force at the time of the assault and false imprisonment under COINTEL PRO directives, which contravene the provisions in H.R. 984, and would make venue improper, and personal jurisdiction lacking at the time of arrest, and at the ruling of conviction. Pursuant to the federal Constitution Article III, Clause 2 Jurisdiction: In all Cases affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be Party, the supreme Court shall have original Jurisdiction, and Furthermore; under such Regulations as the Congress in Harmony with THE THOMASINA JORDAN ACT.

3.      Those responsible for arresting, charging, trying and conviction The Head of State and Liberian Diplomat, was insufficient in servicing Notice and insufficient in process of service, and to this date, has never made a statement for relief. An ORDER for Redress in the form of Release of Property to the Tribe is to be issued to the above-encaptioned D.O.J./B.O.P. Agents, cause into, and through, the various jurisdiction of this Court, in harmony with F.R. of Civ. P. Rule 24(a), !8(a), 12(b)(1)(2)(3)(4)(5)(6)(7), and pursuant to 8 U.S.C. 1401(b), 28 U.S.C. 2201, 1331, 1361, 42 U.S.C. 1983, 1988, and provided under the U.S. Constitution Article III, Amendments I, IV, V, VI, VIII, IX, XIV and at least, the New Echota Treaty, U.N.D.R.I.P./ A.D.R.I.P. TREATIES, and Yamassee Creek nation Plebiscite Section III, IV, V, and VII.

## CAUSE TO REDRESS BY ISSUE OF ORDER FOR RELIEF REQUESTED

4.      This Court can Grant the Tribal Government's Pray for Redress pursuant to Pub. L. 116–180, §1(a), Oct. 21, 2020,134 Stat. 857, provided that: "This Act may be cited as the 'Practical Reforms and Other Goals To Reinforce the Effectiveness of Self-Governance and Self-Determination for Indian Tribes Act of 2019' or the 'PROGRESS for Indian Tribes Act'."  by an Order granting the Relief Sought will issue without delay, to free Plaintiff 's Body, being flesh and blood, from being held under 'color of law', at the FLORENCE SUPER MAX, ADMAX FLO, at 5880 Hwy 67 South, Florence Colorado; causing the immediate return to the pursuit of happiness, and the freedom guaranteed by the U.S. D.O.J. and B.O.P. Agents', the Respondents', 'Oaths of Office', The Bill Of Rights to the U.S. Constitution, the Tribal Constitution and Plebiscite, their fiduciary responsibility, and pursuant to 28 USC 1361 and 2201.

## ISSUE ONE:

5.      To the best of Plaintiff's knowledge and belief, cause or pretense for this wrongful Restraint of Plaintiff's real flesh and blood body; is that Plaintiff was arrested with out a warrant present, and with out due process of law or equal protection of the law.  Plaintiff was coerced under stress and duress, and arrest, with out ever allowing Plaintiff to face any accuser. This action is a deprivation of Plaintiff's substantive rights as a human being past the age of maturity, and major status citizen of a Foreign state to the STATE OF GEORGIA or the UNITED STATES.

## ISSUE TWO:

6.      Plaintiff's Freedom has been denied for the violation of color of state law for R.I.C.O. and Man Act, which was made at the time an existing removal accepted in the Federal District Court, in violation of the Federal Constitution, 14th Amendment, Sections 1 and 2., for an alleged criminal accusation, or contempt, of which all law is a civil matter pursuant to F.R. of Civ. P. Rule 2, and Plaintiff is suffering deprivation of Right to Due Process of Law, Cruel and unusual punishment,  torture, peonage and wrongful detention.

## ISSUE THREE:

7.      Plaintiff, a non corporate entity, as a substantive Right, present: **LEGAL NOTICE OF DEPRIVATION OF RIGHTS AND DISHONOR OF COMMERCIAL PRESENTMENT** pursuant to C.F.R. 27, and failure to Void All State Holds under color of State Law is a violation of the fiduciary responsibility owed to Plaintiff pursuant to Public Law at 42 Stat 13-15 as Original Intent of Congress primae facie code to 42 U.S.C. § 1983, Entity acting under color of law, by color of authority depriving an International and Constitutional Right; and a violation of **28 USC 1367**, as required by Law, per Article III, Section 1 of the United States Republic Constitution/ Federal Constitution.

ISSUE FOUR:

6.      Pursuant to Article VI clause 2 of the Constitution of the United States of America, the Supremacy clause;

The International Covenant was ratified in 1992 and pre-empt State Law[colourable law of a foreign jurisdiction],

and is the Ground that Plaintiff stand [On].

ISSUE FIVE:

7.      Pursuant to **FRCP Rule 4 (j):** The State Court is defined under FRCP Rule 4(j) as a FOREIGN

STATE as defined under 28 USC 1602 -1611 FOREIGN SOVEREIGN IMMUNITY ACT (FSIA), and

jurisdiction was challenged and full disclosure into why said challenge was ignored, and jurisdiction

was presumed, is now being demanded.  *"Once jurisdiction is challenged, the court cannot proceed*

*when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but,*

*rather, should dismiss the action." **Melo v. US, 505 F2d 1026.***

*"Where Rights secured by the Constitution are involved there can be no rule-making or*
*legislation, which would abrogate them" **Miranda v. Arizona (1966) 384 U.S. 436, 86 S. Ct.***
***1602, 16 L. Ed. 2d 694, 10 ALR 3rd 974 and 59 other ALR treatises.***

ISSUE SIX:

8.      The failure to disclose and choice to ignore the proof of jurisdiction was a violation of **15**

**Statutes at Large, Chapter 249 (section 1), enacted July 27 1868,** Chap. CCXLIX. ---An Act

concerning the Rights of American Citizens in foreign States:

 Whereas the rights of expatriation is a nature and inherent right of all people, indispensable to the

enjoyment of the rights of life, liberty, and the pursuit of happiness; and whereas in the recognition of

this principle this government has freely received emigrants from all nations, and invested them with

the right of citizenship; and whereas it is claimed that such American citizens, with their descendants,

are subjects of foreign states, owing allegiance to the government thereof; and whereas it is necessary

to the maintenance of public peace that this claim of foreign allegiance should be promptly and finally

disavowed; Thereof.  Be it enacted by the Senator and the House of Representatives of the United States of American in Congress assembled, That any declaration, instruction, opinion, order, or decision, of any officers of is government which denies, restricts, impairs or questions the rights of expatriation, is hereby declared inconsistent with the fundamental principles of this government.

## ISSUE SEVEN:

9.      As an Indigenous Citizen, Plaintiff hold the inherent rights secured pursuant to 8 USC 1401(b), and the 11th Amendment. The judicial power shall not be construed to extend to any suit in law or equity, commenced or prosecuted by a Foreign State. The D.O.J. and B.O.P. is misusing the status of this American Citizen by forcing race as only black or white. If this FOREIGN STATE is misusing the name of this American Citizen by replacing it in all caps, and misusing the first name or using the term "person" as a CORPORATION all complaints and suit against such CORPORATION fall under the FSIA and the DEPT OF STATE OFFICES in Washington DC. DC should have been notify pursuant to 22 CFR 93.1 -93.2. A copy of the FSIA was never filed with the complaint to the defendant's chief executive officer of that CORPORATION. MUNICIPAL, COUNTY or FEDERAL COURT lacked jurisdiction to adjudicate or to hear any case under the FOREIGN STATE definitions.

## ISSUE EIGHT:

10.    The Middle District Georgia U.S. District Court lacked personal jurisdiction, territorial jurisdiction, and the proper venue lies with the Tribal Court under the FSIA Statutes pursuant to 28 USC 1330. Because the Defendant is a non corporate entity and is not registered with any Secretary of State as a CORPORATION the PROSECUTOR **FAILED** to state a claim to which relief can be granted under **FRCP Rule** 12(b)(6)/ O.C.G.A. 9-11-12(b)(6), therefore the ORDER sentencing The Tribal Head of State

and Liberian Diplomat must be dismissed for lack of political, personam, and subject matter jurisdiction,

improper venue and under the 11th Amendment, and ORDER for Release of Property to the Tribe must

be granted.

<div align="center">ISSUE NINE:</div>

11.        The D.O.J.'S PROSECUTORS and U.S. Agents refused to explain the nature and cause

of the action as enumerated under the 6th amendment for the Constitution for the united States of

America. The Plaintiff asked the U.S. Agents and Officers of the Court, including his attorneys that

represented him, to divulge the nature and cause of the accusation, upon the authority of the 6th

Amendment, and the court FAILED in its duty to inform the Plaintiff of the nature and cause of the

action. Furthermore, the reflects that the court intended to bring criminal action against the Plaintiff

UNDER A SECRET JURISDICTION, THAT IS KNOWN ONLY TO LICENSED ATTORNEYS. The

Plaintiff has requested that the Court explain the meaning and significance of O.C.G.A.

17-11-1 which reads:

> *The cost of a prosecution, except the fees of his own witnesses, shall not be demanded of a defendant until after trial and conviction. If convicted, judgment may be entered against the defendant for all costs accruing in the committing and... trial courts and by any officer pending the prosecution. The judgment shall be a lien from the date of his arrest on all the property of the defendant. The clerk shall issue an execution on the judgment against the property.*

> *Judge has no discretion in the matter of taxing cost-----While the word "may" ordinarily denotes permission and not command, the use of that word in the second sentence of this section cannot be construed to mean that the trial judge is vest...ed with discretion in the matter of taxing costs against the convicted defendant. There is no provision of law for the payment of the fees of the officers of the court where the judge in the judge's discretion fails to tax costs against the convicted defendant, and it cannot be assumed that it was ever intended that compensation of these officers should rest in the discretion of the judge. Pound v. Faulkner, 193 Ga. 413, 18 S.E.2d 749 (1942) (See O.C.G.A. 17-11-1)*

<div align="center">Page 7</div>

> *Cost are collected by fi. fa._____The cost in a criminal prosecution are collectible of the defendant by the levy of a fi. fa. at the termination of a prosecution, if it finally results in the conviction of the defendant. Land v. Jolley, 175 Ga. 788, 166 S.E. 217 (1932)*

> *Cost of feeding prisoner while prisoner imprisoned awaiting trial are a part of court costs collectible from defendant. 1962 Op. Att'y Gen p. 121.*

Plaintiff seek to understand the nature and cause of an action that allows a Legal Fiction entity to place a lien against ALL of their property if the Plaintiff is to be found guilty in this alleged criminal action[stated to originate under COINTEL PRO]. The Plaintiff request the Court to explain the above mentioned code and citations under the authority of the 6th Amendment of the Constitution of the U.S.A.[The Republic].

### ISSUE TEN:

12.     There is cause for an Order to Redress the Matter to issue on the basis of technicality:  As a Remedy, Plaintiff has accepted the charges for value and consideration in exchange for full set off of all the public charges against the Plaintiff pursuant to House Joint Resolution 192, June 5, 1933 Public Law 73-10 and Chap. 48, 48 Stat. 112. In consideration the Plaintiff does dispute all of the facts contained in any charging instrument, and the Respondents have denied all administrative remedies, and prohibited a proper defense by denying all pro se motions filed and ignored complaint of attorney deficiency.

### ISSUE ELEVEN:

13.     Plaintiff pray for the issuance of an ORDER for Release to obtain freedom pursuant to 27 CFR 72.11: all law is commerce. A corporation can not bring suit against a natural person. The total vacation of and dismissal of all charges and orders arising from them, and the immediate release of the body the

Yamassee Creek Nation Head of State, in propria personam, must be granted by congressional mandate, and by Acts of The State Supreme Court Rulings:

If any Tribunal (court) finds absence of proof of jurisdiction over a person and subject matter, the case must be dismissed. Louisville v. Motley 2111 US 149, 29S. CT 42., and the U.S. Constitution, 14TH Amendment, and the provisions under the 'Covenant'. The Pray for Redress and Relief for the Yamassee Creek Nation's Head of State should be granted, and Plaintiff be immediately released from the B.O.P. ADMAX FLO Prison, at 5880 Hwy 67 South, Florence Colorado 81226.

<div align="center">'Supreme Law of the Land'</div>

The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution; but no religious Test shall ever be required as a Qualification by any Office or public Trust under the United States.

<div align="center">**CONCLUSION:**</div>

14.     The Court has a Fiduciary Obligation to issue Order to Release Maku Black Thunderbird Eagle, vacating the void ORDER for conviction of DWIGHT D. YORK 179111-054 Pursuant to 28 U.S.C. § 2201, and in accord with Hasselbring v. Koepke, 263 Mich. 466, 248 N.W. 869, 93 A.L.R. 1170 (1933), the court may sua sponte, can grant a declaration of rights. Plaintiff has always maintained innocence and was barred from proper defense and all pro se motions ignored, denying any defense, and failing to make a statement for relief; this Court obligation to grant Relief is mandated under Cleary v. Kincaid, 23 Idaho, 789, 131 P. 1117, 1118; Stange v. City of Cleveland, 94 Ohio St. 377, 114 N.E. 261, 262. full Faith and Credit via Article 4 section 1, "A Self-Executing Constitutional Provision is defined as immediately effective without the necessity of ancillary legislation."

<div align="center">Page 9</div>

## VERIFICATION

I 'Affirm' that all statements, facts, and information, presented in this Affidavit, are correct and true; and are presented as Evidence 'for the record'. I, furthermore, state that the fore said Information and Facts are placed in Evidence in this case, are being presented in good faith and Affirmed as truth, to the best of my knowledge and belief.

Presented By: _Nasat: Duamutef En Aatun_, Chief Justice
Yamassee Tribe Creek Nation BIA No. 208-1992/208-1999]
c/o:  3343 Peachtree Road NE, Ste 145
      Atlanta Georgia U.S.A.
      Real Land:  Yamassee Creek Territory
      email: yamasseecreek@yahoo.com,
      Vizier Phn: 833-9YAMASE Ext. 1

## JURAT

State of Texas                    )

                                   ) ss          **Yamassee Creek Nation Chief Justice**

County Of _Dallas_ )

Subscribed and sworn to before agent _India Roberts_, a notary public in and for the County of _Dallas_, State of Texas, on this _27_, day of _August_ 2022 by Nasat: Duamutef En Aatun©, who proved to this agent on the basis of satis#factory evidence that Nasat: Duamutef En Aatun© executes the within document, and swears, and declares that Nasat: Duamutef En Aatun©. autographs said within document in capacity of being the living principal, attorney in fact, and authorized representative for the registered trade-names/Copy right, DESMOND LAMAR ASKEW©, ASKEW DESMOND LAMAR©, DESMOND L. ASKEW©, AND ANY AND ALL ORTHOGRAPHIC VARIATIONS THEREOF.

By:_____   Date: _6-27-2022_
        Notary Public

                           Commission Expires: _09-11-2023_

INDIA ROBERTS
Notary Public, State of Texas
Comm. Expires 09-11-2023
Notary ID 132168358

Page 10