IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01503-MEH

DWIGHT D. YORK,

    Plaintiff,

v.

THE FEDERAL BUREAU OF PRISONS,
ANDREW MATEVOUSIAN, in his individual and official capacities,
J. FOX, in his individual and official capacities,
KERRI LEWIS-HICKS, in her individual and official capacities,
A. TUTTOILMONDO, in his official capacity,
C. SYNSVOLL, in his official capacity, and
M. SANTISTEVAN, in his individual and official capacities,

    Defendants.

---

**MINUTE ORDER**

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on September 1, 2022.**

    Before the Court is the "Pray for Intervention of Right Pursuant to Rule 24(a) and Notice of 3rd Party Joinder in Accord with Rule 18" (which the Court refers to as "Motion") (ECF 53) filed by "Nasat: Duamutef En Aatun" of the Yamassee Tribe of the Creek Nation. The Motion requests the release of Maku Black Thunderbird Eagle (apparently, Plaintiff in this action). Setting aside the issue of whether intervention as a matter of right is warranted here, the substance of the requested relief warrants denial of the Motion: "A petition for writ of habeas corpus is the exclusive means for such relief." *Basri v. Barr*, 469 F. Supp. 3d 1063, 1070 (D. Colo. 2020); *see also Ray v. Jud. Corr. Servs.*, No. , 2013 WL 5428395, at *11 (N.D. Ala. Sep. 26, 2013) ("A writ of habeas corpus is the 'sole federal remedy' available to a person in custody seeking release or reduction."). This case is not a habeas corpus case. *See generally* ECF 1. If the moving party wishes to obtain Mr. York's release (assuming the moving party even has standing to make such a request), he must file a new action for the sought relief in the appropriate court. *See generally* 28 U.S.C. § 2255. This closed case is not the proper vehicle for the relief sought in the Motion. Accordingly, the Motion [filed August 31, 2022; ECF 53] is **denied**.